UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KAREEM WALKER, | ) |
| Plaintiff, | ) |
| v. | ) CV423-349 |
| JC LEWIS PRIMARY HEALTH CARE CENTER, | ) |
| Defendant. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Kareem Walker initiated this lawsuit in the Magistrate Court of Chatham County, Georgia. Doc. 1-1. The United States of America removed it to this Court pursuant to 42 U.S.C. § 233(c). *See* doc. 1 (Notice of Removal). It now moves to be substituted for the named defendant, JC Lewis Primary Health Care Center. Doc. 5. Plaintiff has not opposed the request. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion.").

Substitution of the United States for Defendant JC Lewis Primary Health Care Center is appropriate. The Federal Tort Claims Act (FTCA) provides the exclusive remedy for claims against the United States for

1

the tortious or negligent conduct of its employees. 28 U.S.C. §§ 1346(b)(1), 2679(b). "'When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly called the Westfall Act) empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Seneca v. United South And Eastern Tribes*, 318 Fed. App'x 741, 744 (11th Cir. 2008) (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-420 (1995)). "After certification, the named defendant employee is dismissed from the action and the United States is substituted as the defendant; the case is then governed by the FTCA." *Id.*; *see also Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) ("Under 28 U.S.C. § 2679(d)(1), upon the Attorney General's certification of scope of employment, the pending action 'shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant.'"). The Attorney General has delegated certification responsibility to the U.S. Attorneys. *See* 28 C.F.R. § 15.4.

"The [Federally Supported Health Centers Assistance Act of 1995 (FSHCAA)] makes the remedy provided against the United States under

the FTCA the exclusive remedy for the medical malpractice of employees or contractors of [the Public Health Service (PHS)]." *Allen v. Christenberry*, 327 F.3d 1290, 1294 (11th Cir. 2003); *see also* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."). "In order to be covered under the FTCA, an entity, an employee of the entity, or a contractor of the entity seeking coverage must be deemed an employee of PHS." *Allen*, 327 F.3d at 1294 (citing 42 U.S.C. § 233(g)(1)(A)).

The United States Attorney for the Southern District of Georgia has certified that "JC Lewis Primary Health Care Center is properly deemed an employee of the Public Health Service and eligible for Federal Tort Claims Act Authorization under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), by grantee United States Department of Health and Human Services, at the time of the incidents alleged in the Complaint." Doc. 1-3 at 1. While this certification does not conclusively establish as correct the substitution of the United States as

defendant, *Gutierrez de Martinez*, 515 U.S. at 434, it is *prima facie* evidence the action should be deemed an action against the United States, *Flohr*, 84 F.3d at 390. The burden is on the Plaintiff to prove the contrary. *Id.* Plaintiff has not proffered any evidence or made any argument that substitution would be improper. *See generally* docket. Accordingly, the United States' Motion to Substitute Party should be **GRANTED**. Doc. 5. The United States should be substituted as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1), and defendant JC Lewis Primary Health Center should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Given the above recommendation and the potential change in party configuration, the Court *sua sponte* finds good cause for a temporary stay.  Therefore, all discovery in this case is **STAYED** pending the District Judge's final disposition of the Motion to Substitute.  Upon the District Judge's Order disposing of this Report and Recommendation, the Clerk is **DIRECTED** to **LIFT** the stay.  The United States' Motion to Stay is, therefore, **DISMISSED**, as moot.  Doc. 7.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 3rd day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA