UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KAREEM WALKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-349 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Kareem Walker initiated this lawsuit in the Magistrate Court of Chatham County, Georgia. Doc. 1-1. The United States of America removed it to this Court pursuant to 42 U.S.C. § 233(c), *see* doc. 1 (Notice of Removal), and moved to be substituted for the named defendant, JC Lewis Primary Health Care Center, doc. 5. The Court granted the United States' Motion to Substitute. Doc. 9. Now, the United States moves to dismiss Plaintiff's claims. Doc. 10. Additionally, it seeks a stay pending disposition of its Motion to Dismiss. Doc. 11. Plaintiff has not responded to either motion. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**, doc. 10, and Plaintiff's case should be **DISMISSED**.

1

Plaintiff alleges a physician at J.C. Lewis Primary Health Care Center pulled the wrong tooth.  Doc. 1-1 at 1.  Because the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA") makes the remedy provided against the United States under the Federal Tort Claims Act ("FTCA") the exclusive remedy for the medical malpractice of employees of the Public Health Service ("PHS"), and because J.C. Lewis Primary Health Care Center is an employee of the PHS, the United States is the proper party.  *See generally* doc. 8 *adopted by* doc. 9.  The United States argues sovereign immunity bars Plaintiff's tort claim because he failed to present his claim to the appropriate federal agency for review before filing his lawsuit as required by the FTCA.  Doc. 10.

The FTCA creates a limited waiver of the United States' sovereign immunity.  *See Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994).  "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."  *Id.* (citing 28 U.S.C. § 2675(a)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  To comply with this requirement, a claimant

2

must "(1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place a value on his or her claim." *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quotations, citations, and alterations omitted). If these two requirements are not met, this Court lacks jurisdiction to hear the plaintiff's claim. *See Dixon v. United States*, 96 F. Supp. 3d 1364, 1368 (S.D. Ga. 2015) ("Failure to timely file an administrative claim with the appropriate agency results in dismissal of the plaintiff's claim because this filing is a jurisdictional prerequisite.").

Defendant states that plaintiff failed to present this claim to the appropriate federal agency. Doc. 10 at 5. To support this position, it has provided evidence that there is "no record of an administrative tort claim filed by Plaintiff, Kareem Walker, and/or an authorized representative relating to the dental care received at J.C. Lewis Primary Health Care Center, Inc." Doc. 1-2 at 1 (Declaration of Office of the General Counsel senior attorney Meredith Torres).[1]  Plaintiff has not responded to

---

[1] Because this is a factual attack on the complaint challenging "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, . . . matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

challenge that assertion. *See generally* docket. Thus, it plainly appears from the filings and the record that Plaintiff has failed to exhaust his administrative remedies. In the absence of proper exhaustion, the Court lacks subject matter jurisdiction over this case. Accordingly, the United States' Motion to Dismiss should be **GRANTED**. Doc. 10. Should the District Judge agree, Defendant's Motion to Stay should be **DISMISSED** as moot. Doc. 11.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 4th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA